UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSEMARY GREENLAW,<br>Plaintiff,<br>v.<br>R. ALEXANDER ACOSTA,<br>Defendant. | Case No.18-cv-04932-VKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 42 |

Plaintiff Rosemary Greenlaw, proceeding *pro se*, filed this action against defendant R. Alexander Acosta, Secretary of Labor,[1] for alleged age and disability discrimination and retaliation for engaging in protected conduct. The operative First Amended Complaint also asserted state law claims and a federal claim for violation of the Freedom of Information Act ("FOIA") and Privacy Act of 1974. Dkt. No. 8. The Secretary previously moved to dismiss all of Ms. Greenlaw's claims (except the FOIA and Privacy Act claim), as well as Ms. Greenlaw's request for punitive damages. Dkt. No. 22. On May 17, 2019, the Court granted the Secretary's motion. Dkt. No. 37.

Ms. Greenlaw now seeks reconsideration of the Court's May 17 order with respect to her federal age and disability discrimination and retaliation claims.[2] The Court ordered briefing on the matter in compliance with Civil Local Rule 7-9, which sets the procedures for seeking

---

[1] Secretary Acosta resigned from office July 19, 2019. The Court understand that Patrick Pizzella is now Acting Secretary of Labor.

[2] Ms. Greenlaw offers no argument about the dismissal of her state law claims or request for punitive damages.

1  reconsideration of interlocutory orders before the entry of final judgment. Dkt. Nos. 41, 43.

2  Following the submission of the parties' respective briefs,[3] the Court found the matter suitable for

3  determination without oral argument and vacated the August 13, 2019 motion hearing (Dkt. No.

4  48). Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court denies

5  Ms. Greenlaw's motion for reconsideration.[4]

Preliminarily, Ms. Greenlaw argues that "given the restrictions in Civil Local Rule 7-9," the Court should instead address her request for reconsideration under Federal Rule of Civil Procedure 60(b)(1) and (6), which provide a mechanism for seeking relief "from a *final* judgment, order or proceeding" for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6) (emphasis added). The Secretary correctly notes that "Rule 60, by its terms, applies only to 'final orders' and does not apply to interlocutory orders." *Buchanan v. Cate*, No. 10cv423 BTM (NLS), 2011 WL 2940798, at *2 (S.D. Cal., July 20, 2011) (quoting Fed. R. Civ. P. 60(b)); *see also Corn v. Guam Coral Co.*, 318 F.2d 622, 629 (9th Cir. 1963) ("It follows that the 'final' judgments, orders or proceedings referred to in the first sentence of [Rule 60(b)] . . . are those which terminate the litigation in the district court subject only to the right of appeal."). Here, the Court's May 17 order did not resolve all the claims and issues in this case and is not a final order. Rule 60(b) therefore does not apply.

As Ms. Greenlaw previously was advised, Civil Local Rule 7-9 requires her to show that (1) a material difference in fact or law exists from that which previously was presented to the Court, and that she exercised reasonable diligence, but did not know such fact or law at the time of the May 17 order; (2) new material facts have emerged or relevant law has changed after the Court

---

[3] Ms. Greenlaw requested sealing for certain documents without identifying what the documents were or why sealing was necessary. Dkt. No. 45. That request was denied without prejudice to the filing of a renewed motion that complied with the Civil Local Rules. Dkt. No. 47. Ms. Greenlaw subsequently filed a motion to seal documents apparently disclosing the nature of her claimed disability. Dkt. No. 49. Although it appears that Ms. Greenlaw has submitted only the redacted versions of those documents, she need not submit the confidential unredacted version to the Court. Matters pertaining to the nature of Ms. Greenlaw's claimed disability are immaterial to the resolution of the present motion. Accordingly, her renewed sealing motion is denied as moot.

[4] As such, the Court does not consider the Secretary's alternative argument for remand of this matter "to the EEO with instructions to reactivate and process [Ms. Greenlaw]'s EEO complaint." Dkt. No. 44 at 7.

issued its order; or (3) the Court exhibited a "manifest failure" to consider material facts or dispositive legal arguments. Civ. L. R. 7-9(b)(1)-(3). Additionally, Civil Local Rule 7-9 prohibits repetition of arguments already presented to the Court. Civ. L. R. 7-9(c).

Here, Ms. Greenlaw refers the Court back to her opposition to the Secretary's motion to dismiss and essentially seeks to relitigate matters that were argued in connection with that motion. For the reasons noted above, such arguments are not permissible and do not provide a basis for reconsideration of the May 17 order.

Ms. Greenlaw argues that "[g]iven the MSPB [Merits Systems Protection Board] rulings to date in this matter, it would be futile to proceed without judicial review, as there is no indication that any petition for review will meet with an alternate determination in this matter." Dkt. No. 42 at 1-2. She proposes that a potential remedy would be for her to withdraw her MSPB petition for review. *Id*. at 4. In its May 17 order, the Court considered the possibility of Ms. Greenlaw's withdrawing the petition for review, and also noted that it could not "conclude on the basis of Ms. Greenlaw's present allegations that the MSPB's denial of her appeal is certain, or that the MSPB will never act on her appeal." Dkt. No. 37 at 9-10. Ms. Greenlaw has provided no basis to conclude that the Court's analysis in its May 17 order was incorrect. She emphasizes that she first sought assistance through an informal Equal Employment Opportunity process before filing her petition with the MSPB and that she pursued those proceedings with diligence and in good faith. She further notes that, since the hearing on the Secretary's motion to dismiss earlier this year, the sole remaining Board member's term expired. She also contends that, due to her medical condition, she should be permitted to proceed expeditiously with her discrimination and retaliation claims in this Court. Although Ms. Greenlaw's assertions about the current state of the Board are new, the Board was without a quorum at the time the Court considered the Secretary's motion to dismiss and the Court expressly considered Ms. Greenlaw's arguments concerning the Board's lack of authority to act on her appeal; that circumstance is unchanged. Ms. Greenlaw's other arguments are either not new or could have been raised in her earlier briefing.

Ms. Greenlaw nonetheless argues that reconsideration is warranted based on *Ikossi v. Dep't of Navy*, 516 F.3d 1037 (D.C. Cir. 2008), a case that she did not cite in her earlier opposition to the

3

Secretary's motion to dismiss. As the Secretary observes, Ms. Greenlaw does not explain why this case merits the Court's attention on reconsideration. Moreover, *Ikossi* addresses the timing of the MSPB's *initial* decision on a petitioner's appeal under 5 U.S.C. § 7702(e)(1). *Id*. at 1041-42. Here, by contrast, Ms. Greenlaw received an initial decision from the MSPB; it is her petition for review of that decision which remains pending. *Ikossi* is inapposite.

Finally, Ms. Greenlaw argues that, under *Benton v. Merit Sys. Protection Bd.*, 767 Fed. Appx. 983 (Fed. Cir. 2019),[5] this Court has the inherent authority to "bypass[] the MSPB due to the extensive delay caused by lack of quorum" and to remand her case directly to the MSPB administrative law judge ("ALJ"). Dkt. No. 46 at 3. Given that *Benton* was decided on April 30, 2019, Ms. Greenlaw could not have cited it in her opposition to the Secretary's motion to dismiss. Even so, *Benton* concerned a matter that was in a completely different procedural posture than the present action. There, the MSPB issued a decision on the plaintiff's petition for review. That decision was appealed to the Federal Circuit, which remanded the matter to the MSPB. In view of a subsequent delay due to the lack of a quorum of the Board, the Federal Circuit took the "entirely ministerial" step of ordering the transfer of its remand to an ALJ. It apparently did so solely in aid of its own remand order. *Benton*, 767 Fed. Appx. at 984-85. Nothing in *Benton* suggests that this Court has the inherent authority to treat Ms. Greenlaw's case in the same manner.

Based on the foregoing, Ms. Greenlaw's motion for reconsideration of the Court's May 17, 2019 order is denied.

**IT IS SO ORDERED.**

Dated: August 15, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[5] Ms. Greenlaw directed the Court to the opinion available on the Federal Circuit's website. For convenience, the Court refers here to the corresponding copy of that decision available on Westlaw.

4