UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSEMARY GREENLAW,<br><br>          Plaintiff,<br><br>   v.<br><br>JULIE SU,<br><br>          Defendant. | Case No. 18-cv-04932-VKD<br><br>**ORDER ON SUPPLEMENTAL BRIEFING RE ADMINISTRATIVE PROCEEDINGS**<br><br>Re: Dkt. Nos. 84, 86 |

On August 14, 2018, plaintiff Rosemary Greenlaw filed a complaint (followed shortly after by a first amended complaint) against the U.S. Secretary of Labor ("Secretary"), alleging discrimination on the basis of age and disability, and retaliation for engaging in protected conduct. *See* Dkt. Nos. 1, 8. At the time this action was filed, Ms. Greenlaw's appeal to the Merit Systems Protection Board ("MSPB") remained pending. On May 17, 2019, this Court granted the Secretary's motion to dismiss Ms. Greenlaw's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 to 634, and the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.*, for failure to exhaust administrative remedies. Dkt. No. 37.[1] Ms. Greenlaw appealed that decision to the Ninth Circuit. Dkt. No. 72. While that appeal was pending, the MSPB issued its final decisions regarding Ms. Greenlaw's claims. Accordingly, the Ninth Circuit vacated this Court's

---

[1] The Court also granted the Secretary's motion to dismiss Ms. Greenlaw's state law claims for relief and to strike her request for punitive damages. Dkt. No. 37 at 10. The Court subsequently granted summary judgment for the Secretary on Ms. Greenlaw's claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. Dkt. No. 70. Ms. Greenlaw has not challenged those particular rulings. *See* Dkt. No. 50 at 1 n.2; Dkt. No. 75 at 2.

1  judgment on the Title VII, ADEA, and Rehabilitation Act claims and remanded the matter to this
2  Court for further proceedings. Dkt. No. 75.
3        Following remand, this Court held a case management conference on July 25, 2023. Dkt.
4  No. 82. The Court requested briefing from the parties regarding "what further administrative
5  proceedings, if any, are required with respect to Ms. Greenlaw's remaining claims" under Title
6  VII, the ADEA, and the Rehabilitation Act. Dkt. No. 83. The Secretary submitted her brief. Dkt.
7  No. 84. Ms. Greenlaw filed her opposition. Dkt. No. 86. The Court finds that no further briefing
8  or hearing is necessary. Upon consideration of the moving and responding papers, the Court finds
9  that the Secretary has not established that further administrative proceedings are mandated under
10 the circumstances presented here.
11       The Secretary maintains that "[w]here a plaintiff has not complied with administrative
12 exhaustion requirements, the district court does not have subject matter jurisdiction to hear the
13 claim." *See* Dkt. No. 84 at 5 (citing *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir.
14 2001)). Although that may have been an accurate statement of the law with respect to Title VII at
15 the time this Court dismissed Ms. Greenlaw's claims, the Supreme Court has since clarified that
16 "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a
17 jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cnty.,*
18 *Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019). In view of *Fort Bend*, courts in this district have
19 held that Title VII's administrative complaint requirement is not jurisdictional. *See Pringle v.*
20 *Wheeler*, 478 F. Supp. 3d 899, 908 (N.D. Cal. 2020); *Cloud v. Brennan*, 436 F. Supp. 3d 1290,
21 1302 (N.D. Cal. 2020). Accordingly, the Court finds that administrative exhaustion does not pose
22 a jurisdictional issue with respect to Ms. Greenlaw's Title VII claim, or to her Rehabilitation Act
23 claim, as to which Title VII remedies, rights, and procedures apply, *see* 29 U.S.C. § 794a(a)(1) .
24 Nor has the Secretary identified a jurisdictional issue that would preclude Ms. Greenlaw from now
25 proceeding with her ADEA claim, which "[u]nlike Title VII . . . , . contains no express
26 requirement that a federal employee complainant seek administrative relief," and "allow[s] an
27 employee the option of pursuing administrative remedies, either through the agency's EEO
28 procedures, or through the [MSPB]." *Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003)

2

(internal quotations and citations omitted).

In sum, the status of Ms. Greenlaw's administrative proceedings is that the MSPB has issued its final decisions on her appeal, and the EEOC issued a notice of her right to file a civil action. *See* Dkt. No 8 at ECF 11-18; Dkt. No. 84-1. The Secretary now acknowledges that the agency did not provide Ms. Greenlaw with notice of further administrative proceedings pursuant 29 C.F.R. § 1614.302(b),[2] out of a stated concern that doing so would "interfere with the EEO process while [Ms. Greenlaw]'s case was pending in [this Court]." Dkt. No. 84 at 9. The Secretary further acknowledges that § 1614.302(b) "is silent about how to proceed in circumstances like those presented in this case." *Id*. While the Secretary argues that recent Ninth Circuit authority suggests that Ms Greenlaw's claims should be remanded to the agency for further EEO proceedings, *see Crowe v. Wormuth*, 74 F.4th 1011 (9th Cir. 2023), she also states that she was unable to find analogous Ninth Circuit authority. *Id*. The Secretary cites to *DiPaulo v. Potter*, 570 F. Supp. 2d 802 (M.D. N.C. 2008), as analogous authority for dismissing Ms. Greenlaw's claims. However, this Court declines to dismiss Ms. Greenlaw's claims absent binding authority mandating a remand to the agency for further EEO proceedings under the circumstances presented here. As the Secretary has cited no such authority, the Court concludes

///

///

///

---

[2] That regulation provides, in relevant part:

> If a person files a mixed case appeal with the MSPB instead of a mixed case complaint and the MSPB dismisses the appeal for jurisdictional reasons, the agency shall promptly notify the individual in writing of the right to contact an EEO counselor within 45 days of receipt of this notice and to file an EEO complaint, subject to § 1614.107. . . . If a person files a timely appeal with MSPB from the agency's processing of a mixed case complaint and the MSPB dismisses it for jurisdictional reasons, the agency shall reissue a notice under § 1614.108(f) giving the individual the right to elect between a hearing before an administrative judge and an immediate final decision.

29 C.F.R. § 1614.302(b).

3

that Ms. Greenlaw should be permitted to proceed with her remaining claims in this litigation.[3]

**IT IS SO ORDERED.**

Dated: December 5, 2023

                                                            Virginia K. DeMarchi
                                                            United States Magistrate Judge

---

[3] The Court will separately file a scheduling order.