UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSEMARY GREENLAW,<br><br>       Plaintiff,<br><br>    v.<br><br>JULIE SU,<br><br>       Defendant. | Case No. 18-cv-04932-VKD<br><br>**ORDER RE SEPTEMBER 24, 2024 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 117 |

Plaintiff Rosemary Greenlaw and defendant Julie Su, the Secretary of the U.S. Department of Labor ("Secretary"), ask the Court to resolve their dispute concerning the Secretary's witnesses Barabara Goto and Michelle Daniels. Dkt. No. 117. The Court finds this dispute may be resolved without oral argument. *See* Civil L.R. 7-1(b).

## I.   BACKGROUND

According to the parties' joint submission, the Secretary has identified two witnesses, Ms. Goto and Ms. Daniels, whom she will or may call to testify at trial. Dkt. No. 117 at 2, 4. The Secretary identified Ms. Goto and Ms. Daniels as potential witnesses for the first time at 3:00 p.m. on August 29, 2024, the day fact discovery closed. *Id.* at 4.

As no time remained in the case schedule after the Secretary's disclosure for Ms. Greenlaw to take Ms. Goto's and Ms. Daniels's depositions, she objects to the Secretary relying on their testimony for purposes of any motions or at trial.[1] *Id.* at 3. The Secretary insists that her

---

[1] Ms. Greenlaw effectively seeks sanctions—i.e. exclusion of witnesses—pursuant to Rule 37(c)(1). However, she has not complied with the Civil Local Rules or this Court's Standing Order in seeking this relief by means of a joint discovery letter. *See* Civil L.R. 37-4; Judge

identification of these witnesses was timely and offers to make them available for deposition now, even though discovery has closed. *Id.* at 5. Ms. Greenlaw says that it would be prejudicial to her to have to take two additional depositions, in addition to Rule 30(b)(6) depositions, after the fact discovery cutoff. *Id.* at 3.

## II. DISCUSSION

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires parties to exchange "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" as part of their initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(i). However, in cases such as this, involving adverse employment actions,[2] General Order 71 requires the parties to exchange certain categories of information and documents and "supersedes the parties' obligations to provide initial disclosures pursuant to [Rule] 26(a)(1)." General Order 71 at 1. The purpose of these initial discovery protocols "is to encourage parties and their counsel to exchange the most relevant information and documents early in the case, to assist in framing the issues to be resolved[,] and to plan for more efficient and targeted discovery." *Id.* Among the information a defendant is required to disclose are the identities of "the plaintiff's supervisor(s) and/or manager(s)," "person(s) presently known to the defendant who were involved in making the decision to take the adverse action," and "persons the defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit." *Id.* at 5.

General Order 71 expressly does not supersede the parties' obligations to comply with other discovery-related requirements of the Federal Rules of Civil Procedure, including the supplementation requirements of Rule 26(e) and the certification requirements for Rule 26(g). *Id.* at 1 (requiring compliance with "the F.R.C.P. obligations to certify and supplement discovery

---

DeMarchi's Standing Order for Civil Cases at 4 ("Any party seeking an award of attorney fees or other form of sanction under Fed. R. Civ. P. 37 may not use the expedited joint discovery dispute letter procedure described above, but instead must file a motion conforming to the requirements of Civil L.R. 37-4."). However, in the interest of the "just, speedy, and inexpensive" resolution of this dispute, the Court decides the dispute and orders relief. *See* Fed. R. Civ. P. 1.

[2] The parties agreed that this case is subject to General Order 71. *See* Dkt. Nos. 80, 91.

1  responses . . . ."). Rule 26(e) requires parties to supplement their disclosures when "the party
2  learns that in some material respect the disclosure or response is incomplete or incorrect, and if the
3  additional or corrective information has not otherwise been made known to the other parties
4  during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Rule 26(g) requires,
5  among other things, that counsel for a party certify that "to the best of the person's knowledge,
6  information, and belief formed after reasonable inquiry . . . [a party's] disclosure . . . is complete
7  and correct as of the time it is made. Fed. R. Civ. P. 26(g)(1)(A).

8  "A party that fails to provide information . . . as required by Rule 26(a) or (e) may not use
9  that information . . . to supply evidence at trial unless the failure was 'substantially justified or is
10 harmless.'" *Soverns v. Delta Air Lines Inc.*, No. 20-CV-06258-BLF, 2023 WL 2768431, at *2
11 (N.D. Cal. Apr. 3, 2023) (quoting Fed. R. Civ. P. 37(c)(1)). In determining whether a discovery
12 violation is harmless, the court may consider "'(1) prejudice or surprise to the party against whom
13 the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of
14 disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the
15 evidence.'" *Gryglak v. HSBC Bank USA, N.A.*, No. 22-15630, 2023 WL 3243998, at *2 (9th Cir.
16 May 4, 2023) (quoting *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010)).

17 The Court agrees with Ms. Greenlaw that the Secretary's disclosure of Ms. Goto and Ms.
18 Daniels on the last day of fact discovery failed to comply with the Secretary's obligations under
19 General Order 71 and Rules 26(e) and 26(g). It does not matter that these witnesses and their
20 significance was discussed at length during Ms. Greenlaw's deposition of another defense witness,
21 Loren Delicana, on the second to last day of fact discovery. There appears to be no dispute that, at
22 a minimum, both Ms. Goto and Ms. Daniels "have knowledge of the facts concerning the claims
23 or defenses at issue in this lawsuit." These witnesses should have been disclosed by the Secretary
24 when she provided her General Order 71 disclosures to Ms. Greenlaw. *See* Dkt. No. 117 at 4
25 (discussing the significance of the witnesses' expected testimony for the Secretary's defenses).

26 The Secretary appears to contend that she did not know of the relevance or significance of
27 Ms. Goto's or Ms. Daniels's testimony until Ms. Delicana testified about them in her deposition.
28 *Id.* Indeed, the Secretary argues "[i]t is difficult to imagine how much quicker Defendant could

3

1  have disclosed Daniels and Goto after Delicana's deposition." *Id*. at 5. The problem with this

2  argument is that the Secretary had an affirmative obligation to undertake a "reasonable inquiry"

3  into the facts of the case, independent of any efforts undertaken by Ms. Greenlaw. *See* Fed. R.

4  Civ. P. 26(g)(1)(A). Both Ms. Goto and Ms. Daniels are federal government employees, as is Ms.

5  Delicana. Dkt. No. 117 at 2. Ms. Delicana was Ms. Greenlaw's direct supervisor. *Id.* at 2. There

6  is no suggestion by either party that the information about these two witnesses elicited during Ms.

7  Delicana's deposition could not have been obtained in the first instance by the Secretary's counsel

8  by simply interviewing Ms. Delicana about her knowledge of events leading up to the adverse

9  employment action at issue.

10  Nevertheless, the Court is not persuaded that Ms. Greenlaw has suffered prejudice by

11  virtue of the Secretary's late disclosure that cannot be cured without disrupting the trial or other

12  parts of the case schedule. The Secretary has offered to make both Ms. Goto and Ms. Daniels

13  available for deposition. Ms. Greenlaw does explain why proceeding with these depositions, if

14  she wishes to take them, is "unreasonable and disproportionate to the needs of the case." *See id.* at

15  3. Ms. Greenlaw has elected to take several depositions already, as is her right, but she was not

16  "forced" to take them, nor would she be "forced" take the depositions of these two additional

17  witnesses. *See id.* The Secretary has offered to make these witnesses available for deposition, and

18  the Court hereby orders that they shall be produced for such deposition, if Ms. Greenlaw wishes to

19  take them, at a date and time on which the parties shall agree, with deference to Ms. Greenlaw's

20  preferences. The depositions shall be scheduled so as not to disrupt the dates set by the Court for

21  hearing dispositive motions, the pretrial conference, or trial. The Court denies Ms. Greenlaw's

22  request that the Court preclude the Secretary from calling Ms. Goto or Ms. Daniels as witnesses

23  for a motion, hearing, or trial.

24  **IT IS SO ORDERED.**

25  Dated: October 2, 2024

Virginia K. DeMarchi
United States Magistrate Judge