UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSEMARY GREENLAW,<br>Plaintiff,<br>v.<br>VINCENT N. MICONE,<br>Defendant. | Case No. 18-cv-04932-VKD<br><br>**ORDER RE PARTIES' MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 135, 136 |

The Court held a pretrial conference on February 19, 2025. Dkt. No. 143. This order resolves most of the parties' respective motions in limine and defers ruling on others. Dkt. Nos. 135, 136. The Court will issue separate orders regarding the parties' proposed jury instructions and other matters discussed during the pretrial conference.

The sole claim to be tried is whether the Occupational Safety and Health Administration ("OSHA") violated the Rehabilitation Act by terminating Ms. Greenlaw's employment because of her disability.

**I.   MS. GREENLAW'S MOTIONS IN LIMINE**

**A.   Motion No. 1 re Ms. Greenlaw's Felony Conviction**

Ms. Greenlaw moves to exclude all evidence and argument regarding her prior felony conviction and subsequent probation arising out of a dispute with her homeowners' association. She argues that those matters are irrelevant to any issues to be tried concerning her employment with the Department of Labor, her disability, or her termination, and that any probative value such evidence may have is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 401, 402, 403. Additionally, Ms. Greenlaw argues

that such evidence is inadmissible character evidence, *see* Fed. R. Evid. 404(b)(1), and that her conviction is inadmissible as impeachment evidence, *see* Fed. R. Evid. 609(b). The Acting Secretary of Labor ("Secretary") argues that Ms. Greenlaw's felony conviction is relevant to her credibility and is admissible under Federal Rules of Evidence 608 and 609.

The Court grants Ms. Greenlaw's motion to exclude evidence of her felony conviction, as that conviction is more than 10 years old, and its probative value with respect to the question of her credibility does not substantially outweigh its prejudicial effect. Fed. R. Evid. 609(b)(1). This ruling does not prohibit the Secretary's cross-examining Ms. Greenlaw regarding her statements about whether she was on probation, as discussed below with respect to Ms. Greenlaw's Motion No. 6.

### B. Motion No. 2 re Ms. Greenlaw's Law Degree and Disbarment

Ms. Greenlaw moves to exclude evidence and argument regarding her law degree and her disbarment resulting from her felony conviction. She argues that such evidence is irrelevant and that any probative value is substantially outweighed by the risk of unfair prejudice and jury confusion. Fed. R. Evid. 401, 402, 403. She also argues that such evidence is inadmissible character evidence. Fed. R. Evid. 404(a), 608(b). The Secretary argues that Ms. Greenlaw's law degree and disbarment are relevant to her general background and credibility and is admissible under Federal Rule of Evidence 608(b).

The motion is granted. The fact that Ms. Greenlaw has a law degree is not relevant to any matter at issue in the case. Fed. R. Evid. 401, 402. The fact that Ms. Greenlaw was disbarred and is no longer licensed to practice law as a result of her prior felony conviction also is not relevant to any matter at issue in the case, and like the conviction itself, any probative value of the disbarment is substantially outweighed by its prejudicial effect. Fed. R. Evid. 401, 402, 403.

### C. Motion No. 3 re Evidence of Other Litigation or Claims

Ms. Greenlaw moves to exclude evidence and argument referring or relating to her other litigation matters, claims, EEOC actions, and MSPB actions, including any argument or suggestion that she is litigious. She argues that such evidence is irrelevant, that any probative value is substantially outweighed by the risk of unfair prejudice, and that there is no basis to use

such evidence for impeachment purposes.  Fed. R. Evid. 401, 402, 403, 404.  The Secretary disclaims any intent to use such evidence to argue or suggest that Ms. Greenlaw has a propensity to sue her employers or that such evidence establishes her character as such a person.  However, the Secretary maintains that evidence of Ms. Greenlaw's other legal matters and litigation is relevant to her credibility.  Specifically, the Secretary argues that the use of such evidence is permitted by Federal Rule of Evidence 404(b)(2), which provides, in relevant part, that "[e]vidence of any other crime, wrong, or act . . . may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Additionally, the Secretary argues that such evidence may be used on cross-examination to probe Ms. Greenlaw's "character for truthfulness" under Federal Rule of Evidence 608(b).

Additionally, Ms. Greenlaw argues that the Secretary should be precluded from using any evidence that was not produced by the Secretary, including any records that were voluntarily disclosed by Ms. Greenlaw in discovery.  The Secretary responds that he is not required to disclose evidence to be used solely for impeachment, and that the sanction for exclusion of evidence under Federal Rule of Civil Procedure 37 does not apply.

To the extent the Secretary wishes to offer evidence of Ms. Greenlaw's claims or complaints asserted in other proceedings to show that she has a propensity to sue or complain whenever she suffers an adverse employment action, Ms. Greenlaw's motion is granted.  In addition, to the extent the Secretary wishes to offer evidence of the unsuccessful claims Ms. Greenlaw has asserted in this action, Ms. Greenlaw's motion is granted.  However, this in limine ruling does not extend to testimony or interrogatory answers by Ms. Greenlaw where she responds to factual questions regarding, for example, why she believes her employment was terminated.  The Court will defer ruling on any objections to such evidence until trial.

With respect to the parties' separate dispute regarding the application of Rule 37 sanctions, the Court reminds the parties that if a party has an obligation to disclose evidence under Rule 26(a) or any of the other discovery rules, such as Rules 30, 33, or 34, and the party fails to disclose the evidence, the party may not use the evidence *for any purpose* at trial, unless the failure to

3

1  disclose was substantially justified or is harmless. Fed. R. Civ. P. 37(c); *see id.* advisory

2  committee's note, 2000 amendments, subsection (c).

### D.   Motion No. 4 re Evidence of Withdrawn or Dismissed Claims

Ms. Greenlaw moves to exclude all evidence and argument regarding her claims under Title VII and the Age Discrimination in Employment Act ("ADEA"). She argues that such evidence is irrelevant and is prone to misuse as a basis to suggest that she is litigious. Additionally, Ms. Greenlaw argues that such evidence is improper character evidence and that any probative value is substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403, 404.

The Secretary confirms that he does not intend to introduce evidence that Ms. Greenlaw previously asserted other claims that have since been withdrawn or dismissed from this action. Accordingly, this motion in limine is granted as unopposed.

### E.   Motion No. 5 re Ms. Greenlaw's Union-Related Activities and Claims

Ms. Greenlaw moves to exclude all evidence and arguments regarding her union-related activities and claims. She says that while she previously contended that the Secretary retaliated against her for such activities, her retaliation claim is no longer at issue for trial.[1] Ms. Greenlaw argues that such evidence therefore is irrelevant and that any probative value of such evidence is substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 401-403. She also argues that such evidence is inadmissible character evidence. Fed. R. Evid. 404. Noting that Ms. Greenlaw has "offered as many as six different reasons why OSHA terminated her," the Secretary contends that Ms. Greenlaw's union-related activities are admissible as evidence of "alternate theories about why she was terminated" and are directly relevant to an element of her Rehabilitation Act claim, i.e., that she was terminated because of her disability. Dkt. No. 137 at ECF 9. Additionally, the Secretary argues that Ms. Greenlaw's alternate termination theories, including those concerning her union-related activities, are relevant to Ms. Greenlaw's credibility.

This motion is granted, except as noted herein. The Court will not permit the Secretary to introduce evidence of Ms. Greenlaw's unsuccessful claims and theories to suggest that she

---

[1] Additionally, at summary judgment, "Ms. Greenlaw confirmed that the only retaliation claim that she asserts is retaliation for filing an EEOC complaint." *See* Dkt. No. 134 at 18.

4

generally is not credible or as affirmative evidence that she was *not* discriminated against on the basis of disability. However, this in limine ruling does not extend to testimony or interrogatory answers by Ms. Greenlaw where she responds to factual questions regarding, for example, why she believes her employment was terminated. The Court will defer ruling on any objections to such evidence until trial.

### F. Motion No. 6 re Ms. Greenlaw's Responses to Questions on Declarations for Federal Employment

Ms. Greenlaw moves to exclude evidence about whether she was truthful in filling out a Declaration for Federal Employment for two positions, i.e., (1) declarations Ms. Greenlaw filled out in 2016 for the OSHA Administrative Assistant position and (2) declarations she filled out in 2018 for a position with the Census Bureau. In addition to these declarations, the Secretary contends that in November 2019, Ms. Greenlaw also lied on a third declaration for federal employment. *See* Dkt. No. 137-1, Ex. I.

With respect to Ms. Greenlaw's OSHA Administrative Assistant position, Ms. Greenlaw answered "No" to a question that asked whether she had been convicted or on probation "[d]uring the last 7 years." *See* Dkt. No. 137-1, Ex. C. There appears to be no dispute that as of 2016 when Ms. Greenlaw filled out the declarations, her felony conviction fell outside the seven-year period. However, the Secretary maintains that Ms. Greenlaw was still on probation in 2012 (*see* Dkt. No. 137-1, Ex. B), which was within the seven-year period preceding the declaration she submitted for the OSHA Administrative Assistant position. Ms. Greenlaw argues that allowing evidence relating to her 2016 declarations would require introducing evidence regarding her felony conviction, which she maintains is irrelevant, unduly prejudicial, and inadmissible character evidence. *See* Fed. R. Evid. 401, 402, 403, 404, 608, 609. Additionally, Ms. Greenlaw argues that permitting such evidence would derail the trial on her Rehabilitation Act claim, by requiring a trial-within-a-trial on exactly when her probation for her felony conviction ended. The Secretary argues that evidence concerning whether Ms. Greenlaw truthfully filled out the declarations for federal employment in the OSHA Administrative Assistant position is relevant to Ms. Greenlaw's credibility and is admissible under Federal Rule of Evidence 608.

5

With respect to the federal employment declarations Ms. Greenlaw filled out in 2018 for a position with the Census Bureau, that form asked whether she had been convicted or on probation "[d]uring the last 7 years," and also asked whether "[d]uring the last 5 years, [Ms. Greenlaw had] been fired from any job for any reason." *See* Dkt. No. 137-1, Ex. D. Ms. Greenlaw answered both questions "No." *Id*. Ms. Greenlaw says that in deposition, she explained that she believes there is a distinction between a "termination" and "being fired or any misconduct." *See* Dkt. No. 136-2 (Greenlaw dep. at 43:17-25). Ms. Greenlaw argues that evidence regarding whether she properly filled out the declarations for the Census Bureau position, two years after her termination from OSHA, is irrelevant to the issue of whether her OSHA termination was based on disability discrimination. She further argues that such evidence is also unduly prejudicial and constitutes inadmissible character evidence. *See* Fed. R. Evid. 401, 402, 403, 404, 608. The Secretary maintains that whether Ms. Greenlaw truthfully filled out the declarations for federal employment with the Census Bureau (as well as the declaration she filled out in November 2019 for another federal position) as to questions about her probation and prior termination from OSHA is relevant to Ms. Greenlaw's credibility and is admissible under Federal Rule of Evidence 608.

This motion is denied. While the Court agrees that evidence of Ms. Greenlaw's underlying felony conviction itself is not admissible, evidence that she was untruthful in her representations to the federal agencies with which she sought employment, including OSHA, about whether she was on probation within the last seven years, or had been fired within the last five years, is relevant to her character for truthfulness or untruthfulness, pursuant to Rule 608. If Ms. Greenlaw testifies at trial, such evidence is relevant to the jury's assessment of her credibility.

It is undisputed that Ms. Greenlaw made the statements in question in 2016 and 2018. *See* Dkt. No. 149 at 3-4. These statements were made in connection with her applications for federal employment within the past 10 years. In his supplemental briefing, the Secretary demonstrates that Ms. Greenlaw was sentenced to two years of probation on December 2, 2010, such that she would have been on probation until December 1, 2012. *See id.* at 3, Ex. C (transcript of December 2, 2010 re-sentencing proceeding wherein state court sentenced Ms. Greenlaw to "two years formal probation" on count 3 of the state court indictment). It is undisputed that Ms. Greenlaw

appealed this sentence, the sentence was affirmed, and the California Supreme Court denied Ms. Greenlaw's petition for review. *See Greenlaw v. Mitchell*, No. 12-cv-1598, 2013 WL 5718531, at *1 (N.D. Cal., Oct. 21, 2013) (summarizing history of state court criminal proceedings). Although Ms. Greenlaw asked the state court on re-sentencing for a "record clearance," there is no indication that this request was ever granted or that her criminal conviction was ever expunged. *See* Dkt. No. 149, Ex. C. Indeed, in her federal habeas petition, filed on March 30, 2012, Ms. Greenlaw stated: "Petitioner has filed several requests to dismiss/expunge the remaining conviction [re Count 3], with the trial court, between January and October 2011, but hearing on said motions has been denied to date." Dkt. No. 137, Ex. A. The Court gave Ms. Greenlaw an opportunity to show that she was not, in fact, on probation within seven years of the dates she made the statements at issue. She has not done so, and her suggestion that the record is "unclear" on this point is not persuasive.

Accordingly, the Secretary may cross-examine Ms. Greenlaw regarding the statements in question. The Secretary may not introduce extrinsic evidence of Ms. Greenlaw's probation status. Fed. R. Evid. 608(b) ("extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness"). However, if Ms. Greenlaw denies being on probation during the time in question, she may be impeached, if necessary, by her own prior inconsistent statements under Rule 613. *See United States v. Higa*, 55 F.3d 448, 451-52 (9th Cir. 1995); *United States v. Jackson*, 882 F.2d 1444, 1448-49 (9th Cir. 1989); *see also* Fed. R. Evid. 801(d)(2)(A) (opposing party statement). Ms. Greenlaw is, of course, free to explain her statements.

If Ms. Greenlaw wishes the Court to give a limiting instruction that the evidence concerning the statements in question shall be considered only for purposes of assessing Ms. Greenlaw's character for truthfulness or untruthfulness, and not for any other purpose, Ms. Greenlaw shall propose a limiting instruction for the Court's consideration in advance of Ms. Greenlaw commencing her testimony at trial.

## II. SECRETARY'S MOTIONS IN LIMINE

### A. Motion No. 1 re Documents and Discovery Responses Served after the Discovery Cutoff

The Secretary moves to exclude documents and discovery responses that Ms. Greenlaw provided after the close of discovery. Specifically, the Secretary moves to exclude two photos of Ms. Greenlaw's dog produced on September 4, 2024; supplemental interrogatory responses served on September 12, 2024; and an additional 15 pages of documents produced on October 2, 2024.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

For the reasons discussed during the hearing on this motion, the Court grants this motion in part and denies it in part, as follows:

1. With respect to the photographs of her dog, Ms. Greenlaw is not prohibited from offering in evidence the photograph identified as Exhibit 85 by virtue of the late production of that photograph; she may not offer in evidence the other photograph of her dog.

2. With respect to Ms. Greenlaw's supplemental interrogatory responses, the Secretary acknowledges that no party has identified the supplemental interrogatory responses as proposed trial exhibits. As the Secretary has entirely failed to identify the "new information" purportedly contained in these interrogatory responses that he wishes the Court to exclude, the motion is denied on this point.

3. With respect to the purported government "pay scales" identified as Exhibits 87-95, the Court defers ruling on this aspect of the motion until after the Court has an opportunity to consider the parties' further submissions due to be filed by February 28, 2025. *See* Dkt. No. 144 at 2 (para. 5).

### B. Motion No. 2 re Economic Damage Calculations

The Secretary moves to exclude Ms. Greenlaw's economic damages calculations as untimely, irrelevant, and speculative. Specifically, the Secretary notes that the Court granted

1    summary judgment in his favor on Ms. Greenlaw's claims concerning employment with the
2    Census Bureau, and argues that any damages theory based on potential salaries from the Census
3    Bureau is irrelevant. Additionally, the Secretary points out (and Ms. Greenlaw does not dispute)
4    that after her termination from OSHA, and before any employment opportunity with the Census
5    Bureau arose, she was hired at a higher-paying position, and thus, Ms. Greenlaw mitigated her
6    damages. Ms. Greenlaw does not dispute that any damages theory based on the Census Bureau is
7    irrelevant. *See* Dkt. No. 138 at ECF 4-5. Accordingly, as to any damages evidence based on the
8    Census Bureau position, the Secretary's motion in limine is granted as unopposed.

9        With respect to evidence concerning promotions at OSHA or the Whistleblower position
10   for which Ms. Greenlaw was not selected, the Secretary argues that such evidence was not timely
11   disclosed and also lacks foundation, as Ms. Greenlaw has not disclosed any witnesses who could
12   testify about what promotions could occur at OSHA, whether any such promotion would come
13   with a salary increase, and whether Ms. Greenlaw would have been promoted. Ms. Greenlaw
14   responds that to the extent the Secretary's motion is based on the Whistleblower Position for
15   which Ms. Greenlaw was not selected, she agrees that any damages based on that position is
16   irrelevant in view of the Court's summary judgment ruling. *See* Dkt. No. 138 at ECF 5.
17   Accordingly, as to any damages evidence based on the Whistleblower Position with OSHA, the
18   Secretary's motion in limine is granted as unopposed.

19       With respect to evidence concerning federal salaries and benefits, the Secretary argues that
20   such evidence is untimely and inadmissible. The Secretary says that Ms. Greenlaw did not
21   produce this evidence until after the August 29, 2024 discovery cutoff. The Secretary says that he
22   had already made strategic decisions about disclosing witnesses and experts, and did not have the
23   opportunity to investigate Ms. Greenlaw's untimely disclosures. Additionally, the Secretary
24   argues that Ms. Greenlaw's evidence regarding federal salaries and benefits is inadmissible
25   because it requires expert testimony, and Ms. Greenlaw has not disclosed any experts. Ms.
26   Greenlaw says that she disclosed her lost wages theory (and referred to the publicly available
27   government pay scales in question) prior to the close of discovery. She argues that she properly
28   may offer her own testimony about her salary and benefits she received before her termination, her

9

1   understanding of the government pay scales (i.e., that her salary would have increased every year
2   for inflation), and what salary and benefits she reasonably expected to receive had her
3   employment not been terminated. She contends that such evidence does not require any expert
4   testimony, as the only necessary calculation would be simple addition of sums from 2017 and
5   2018.

6   The Court is inclined to permit Ms. Greenlaw to testify regarding wages that she allegedly lost between the date of her termination and the date of her next employment, which the Court understands will be based on the pay scale(s) applicable to the position with OSHA from which she was terminated in October 2016. This testimony does not appear to require any specialized expertise and is, therefore, not expert testimony subject to Rule 702. However, the Court defers ruling on this aspect of the motion until after the Court has an opportunity to consider the parties' further submissions due to be filed by February 28, 2025. *See* Dkt. No. 144 at 2 (para. 5).

### C. Motion No. 3 re Ms. Greenlaw's Dog

The Secretary moves for an order precluding Ms. Greenlaw from arguing or suggesting to the jury that her dog was her disability or that she should be considered disabled because of her dog. Additionally, the Secretary argues that Ms. Greenlaw should be prohibited from arguing or suggesting that OSHA retaliated against her because of her dog, as the Court granted summary judgment for the Secretary on Ms. Greenlaw's retaliation claim. Ms. Greenlaw responds that she does not intend to argue retaliation, or to argue or suggest that she was disabled because she owned a dog. She agrees that her dog was a reasonable accommodation for her disability and that the two are distinct. However, she argues that she should be permitted to argue that Ms. Delicana recommended her termination because Ms. Delicana disliked Ms. Greenlaw's dog, and that this is no different from firing someone because of their disability.

The Secretary's motion in limine is not directed to an evidentiary matter, but rather reflects a dispute regarding Ms. Greenlaw's theory of the case and the Secretary's defense. For this reason, the Court will address the legal framework for resolving Ms. Greenlaw's Rehabilitation Act claim in deciding the parties' disputes concerning jury instructions.

### D.  Motion No. 4 re Dr. Burak Alsan's Letter

In support of her request for a reasonable accommodation at OSHA, Ms. Greenlaw submitted a letter from Dr. Burak Alsan stating that she "has a chronic medical condition that causes pain and anxiety; she has a therapy service animal who helps in times of stressor and would ask that she be allowed to bring her pet with her as allowed by policy." Dkt. No. 135-1, Ex. E. The Secretary moves for an order precluding Ms. Greenlaw from offering Dr. Alsan's letter to prove that she is a person with a disability under the Rehabilitation Act, arguing that the letter is inadmissible hearsay. Fed. R. Evid. 801, 802. Additionally, the Secretary argues that Dr. Alsan's letter lacks foundation because Ms. Greenlaw has not disclosed him as an expert or as a witness who will testify at trial. Ms. Greenlaw argues that she can provide sufficient foundation for Dr. Alsan's letter based on her own personal knowledge of the circumstances in which the letter was created. Additionally, Ms. Greenlaw says that Ms. Delicana can also testify that she saw the letter along with Ms. Greenlaw's request for reasonable accommodation. Ms. Greenlaw argues that the letter qualifies under several hearsay exceptions, including Federal Rule of Evidence 803(4) (statement made for medical diagnosis or treatment), Rule 803(6) (record of regularly conducted activity), or Rule 803(8) (public records). Even if the letter is hearsay, Ms. Greenlaw argues she may offer the letter for a non-hearsay purpose, i.e., that OSHA regarded her as disabled, whether or not she actually was disabled.

This motion is denied. The letter is admissible for a non-hearsay purpose: Ms. Greenlaw submitted the letter in support of her request for an accommodation; OSHA reviewed the letter and acted upon it by granting her request for an accommodation. However, the letter is not admissible for the truth of the matters asserted in it. Fed. R. Evid. 802. The letter contains a purported diagnosis or medical conclusion by an out of court declarant; it does not contain a statement made *for purposes of* diagnosis or treatment *and* a description of medical history, symptoms, and causes, and is therefore not admissible under an exception to the rule against hearsay. *See* Fed. R. Evid. 803(4). The Court is also not persuaded that Ms. Greenlaw could establish admissibility under Rules 803(6) or 803(8).

11

### E. Motion No. 5 re Dr. Marcie Levine's Letter

The Secretary moves to exclude an October 16, 2018 letter purportedly prepared by Dr. Marcie Levine that states Ms. Greenlaw "is an individual with a severe physical, intellectual, or psychiatric disability[.]" Dkt. No. 135-1, Ex. D. The Secretary argues that the letter is irrelevant and unduly prejudicial, as it was created two years after OSHA fired Ms. Greenlaw. Fed. R. Evid. 402, 403. Additionally, pointing out that Ms. Greenlaw has not disclosed Dr. Levine or any other medical provider as a witness, the Secretary argues that the letter is inadmissible hearsay, lacks foundation or authentication, and requires expert testimony. Fed. R. Evid. 602, 702, 801, 802. Ms. Greenlaw argues that the letter is not unduly prejudicial to the Secretary because she herself can testify about her cancer, how long she has had cancer, and about the symptoms of cancer and its treatment. Additionally, Ms. Greenlaw argues that she can lay a proper evidentiary foundation for the letter based on her own personal knowledge; that the letter qualifies as an exception to hearsay under Federal Rules of Evidence 803(4) and 803(6); and that the letter does not require expert testimony.

The motion is granted. Ms. Greenlaw wishes to offer the letter as evidence of the truth of the matters asserted in it—i.e. that she is disabled. The letter is hearsay and no exception applies. Even if the letter were not inadmissible hearsay, the Court finds that it is also not relevant evidence, as it post-dates the events at issue in this action, and is not specific to Ms. Greenlaw's disability, but refers instead to a generic "physical, intellectual, or psychiatric disability that qualified him/her" for certain hiring consideration.

### F. Motion No. 6 re Post-Termination Federal Service

The Secretary moves to exclude evidence or argument that Ms. Greenlaw was qualified for the Administrative Assistant position with OSHA based on her post-termination federal service, including her employment with the U.S. Department of the Army ("Army") beginning in October 2018. The Secretary argues that such evidence and argument is irrelevant to the issue of whether Ms. Greenlaw was qualified to perform the Administrative Assistant position during her employment with OSHA in 2016, and would in any event be unduly prejudicial, confuse the issues, mislead the jury, and waste time. Fed. R. Evid. 401-403. As Ms. Greenlaw has not

disclosed any witnesses who can testify about her post-termination federal service, the Secretary argues that post-termination evidence and argument are also inadmissible hearsay. Fed. R. Evid. 801, 802.

Ms. Greenlaw maintains that her post-termination federal service provides context and a reasonable basis for the jury to find that she was qualified for her Administrative Assistant position while employed at OSHA. She argues that she herself properly can testify about her positions at OSHA and the Army, and how those positions were similar.

The motion is denied. Ms. Greenlaw may testify regarding her post-termination employment, including the duties and responsibilities of such employment. However, she may not speculate about why she was hired by other employers or why she was permitted by other employers to do particular work. The Secretary may cross-examine Ms. Greenlaw regarding her post-termination employment.

### G.     Motion No. 7 re Janet Callwood-Jackson's Emails

The Secretary moves to exclude any emails from Dr. Janet Callwood-Jackson regarding Ms. Greenlaw's dog and her reasonable accommodation. The Secretary argues that as Ms. Greenlaw has not disclosed Dr. Callwood-Jackson as a witness, any statements by Dr. Callwood-Jackson in those emails lack foundation, and any argument regarding Dr. Callwood-Jackson's intent is speculative. Fed. R. Evid. 602; *see also* Fed. R. Civ. P. 37(c). Ms. Greenlaw argues that the subject emails were produced from OSHA's own files and that she, Ms. Delicana and Mr. Dement (with whom these emails were exchanged) may testify about the emails at trial.

As no party intends to call Dr. Callwood-Jackson as a witness, the motion is granted as unopposed on this point.

The motion is denied with respect to email communications with Dr. Callwood-Jackson. These emails may be admissible if a proper foundation is established through the testimony of witnesses who participated in the email communications.

### H.     Motion No. 8 re Expert Testimony re Disability

The Secretary moves to preclude Ms. Greenlaw from offering evidence from "undisclosed medical providers" to establish that she is a person with a disability under the Rehabilitation Act.

13

1  The Secretary argues that such evidence is inadmissible hearsay. Fed. R. Evid. 801, 802. Ms.
2  Greenlaw argues that she should be permitted to offer her own testimony about her cancer,
3  including information conveyed to her by medical providers in the course of her diagnosis or
4  treatment.

5  The motion is granted to the extent Ms. Greenlaw proposes to testify regarding what her
6  doctors told her. However, Ms. Greenlaw may testify about her own symptoms and impairments,
7  how they limit what she can do in the workplace, and her understanding of her condition,
8  diagnoses, and treatment. She may not testify to hearsay, such as what her doctors said or what
9  her doctors' opinions are about her impairments and limitations.

### I. Motion No. 9 re Mr. Dement's Alleged Prior Acts of Discrimination

The Secretary moves to exclude any evidence pertaining to prior complaints alleging discrimination against Mr. Dement. The Secretary argues that such evidence is irrelevant, unduly prejudicial, and would waste time, confuse the issues, and cause delay. *See* Fed. R. Evid. 402, 403. Ms. Greenlaw confirms that she "does not intend to raise prior complaints brough[t] against Mr. Dement[.]" Dkt. No. 138 at ECF 11. This motion in limine is granted as unopposed.

### J. Motion No. 10 re Emotional Distress

The Secretary moves to exclude any testimony regarding Ms. Greenlaw's claimed emotional distress as a result of her termination by OSHA, arguing that emotional distress damages are not recoverable under the Rehabilitation Act and therefore are irrelevant. Ms. Greenlaw agrees that "emotional distress damages are not available under the Rehabilitation Act" and confirms that she "has no intention of seeking such damages." Dkt. No. 138 at ECF 11. Accordingly, this motion in limine is granted as unopposed.

**IT IS SO ORDERED.**

Dated: February 27, 2025

Virginia K. DeMarchi
United States Magistrate Judge