UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSEMARY GREENLAW,<br><br>          Plaintiff,<br><br>     v.<br><br>VINCENT N. MICONE,<br><br>          Defendant. | Case No.  18-cv-04932-VKD<br><br>**FURTHER ORDER RE DEFENDANT'S MOTIONS IN LIMINE NOS. 1 AND 2**<br><br>Re: Dkt. No. 135 |

With respect to Ms. Greenlaw's claim for recovery of the compensation she would have earned had she not been terminated, the Court has already concluded that she may rely on this theory. In support of this theory, she may rely on the government pay scales that identify the pay she would have received had she remained employed by OSHA at the relevant grade/step.[1] *See* Dkt. No. 152 at 9-10; Dkt. No. 164.

However, Ms. Greenlaw failed to adequately disclose her other damages theories during discovery, including the amount and basis of her pension contribution claim, and the amount and basis for her delayed retirement claim, without justification. Indeed, Ms. Greenlaw still has not disclosed the legal authority on which she relies to support these theories, and she did not disclose her calculations regarding the amounts she believes she is entitled to under these theories until after the February 19, 2025 pretrial conference. Ms. Greenlaw's failure to timely disclose this information about her additional damages theories is prejudicial to the Secretary, as permitting her to proceed on these theories would place the Secretary in the position of having to address and

---

[1] At the March 6, 2025 further pretrial conference, the Secretary indicated that the relevant grade and step is grade 7/step 10.

rebut these theories on the eve of trial. *See* Fed. R. Civ. P. 37(c)(1).

Accordingly, Ms. Greenlaw's remedies at trial are limited to the recovery of the compensation she would have earned had she not been terminated but had remained employed at OSHA.

**IT IS SO ORDERED.**

Dated: March 9, 2025

Virginia K. DeMarchi
United States Magistrate Judge