UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ROSEMARY GREENLAW,

    Plaintiff,

v.

VINCENT N. MICONE,

    Defendant.

Case No. 18-cv-04932-VKD

**ORDER RE COURT OR JURY TRIAL**

The Court thanks the parties for their March 8, 2025 supplemental briefs (Dkt. Nos. 171, 172) regarding Ms. Greenlaw's claim for monetary relief and whether this matter should proceed to a trial by jury. Based on the parties' arguments, the Court rules as follows:

Although Ms. Greenlaw's operative amended complaint (Dkt. No. 8) does not specify the particular section of the Rehabilitation Act on which her disability discrimination/disparate treatment claim is based, section 501 of the Rehabilitation Act provides her sole remedy for alleged disability discrimination in federal employment. *See Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985); *Gunzenhauser v. Garland*, No. 22-cv-03406-WHO, 2023 WL 2167387, at *4 (N.D. Cal. Feb. 21, 2023) (citing cases). The remedies, procedures, and rights for claims under section 501 of the Rehabilitation Act are incorporated from Title VII of the Civil Rights Act of 1964:

> The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e-5(f) through (k)) (and the application of section 706(e)(3) (42 U.S.C. 2000e-5(e)(3)) to claims of discrimination in compensation), shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the

> final disposition of such complaint, or by the failure to take final action on such complaint. In fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefor or other appropriate relief in order to achieve an equitable and appropriate remedy.

29 U.S.C. § 794a(a)(1). The Civil Rights Act of 1964 provides, in relevant part:

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission. Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.

42 U.S.C. § 2000e-5(g)(1).

In his March 8, 2025 supplemental briefing, the Secretary argues that the monetary relief Ms. Greenlaw seeks properly is characterized as back pay. *See* Dkt. No. 171 at ECF 3. The Secretary maintains that back pay is equitable relief that must be tried to the Court and not a jury.[1] *See id*. at ECF 4-5. Although Ms. Greenlaw appears to agree with the Secretary that her requested monetary relief cannot be considered front pay, she contends that her claimed monetary relief cannot be considered back pay, under 42 U.S.C. § 2000e-5(g)(1), because she is not also seeking the remedy of reinstatement. *See* Dkt. No. 172 at ECF 2. Ms. Greenlaw maintains that her claim for monetary relief is a claim for damages as a legal, not equitable, remedy that must be tried to a jury. Alternatively, Ms. Greenlaw requests that this matter be tried to an advisory jury. *See id*. at ECF 4-6.

The Court appreciates the parties' input on this issue, particularly on the weekend prior to the scheduled start of trial. The Court agrees with Ms. Greenlaw that determining whether there is

---

[1] The Secretary did not affirmatively raise this issue with the Court, or otherwise object to a jury trial, until after the Court's March 7, 2025 order inviting briefing. *See* Dkt. No. 167.

a right to a jury trial on a particular issue is often a difficult question. *See generally, e.g., Day v. GEICO Cas. Co.*, No. 21-cv-02103-BLF, 2023 WL 2250273, at *2 (N.D. Cal. Feb. 17, 2023) (citing cases). At this time, and under the circumstances presented in this matter, the Court is not prepared to say whether Ms. Greenlaw's claimed monetary relief is back pay, or whether the status of back pay as an equitable remedy clearly precludes back pay as a legal remedy in all circumstances. *Compare Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 218 n.4 (2002) *with Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1068, 1069 & n.7, n.9 (9th Cir. 2005).

Accordingly, the Court will proceed with a jury trial as presently scheduled to begin on March 10, 2025. Following the trial, and to the extent there remains a dispute about the legal or equitable nature of Ms. Greenlaw's requested monetary relief, the Court will give the parties an opportunity to brief the matter further, including whether the jury's verdict should be deemed advisory and the matter should be decided by the Court on the trial record presented. *See Lutz*, 403 F.3d at 1067 (district court has discretion to decide matter tried to jury either after a new trial or on the record of the first trial).

**IT IS SO ORDERED.**

Dated: March 9, 2025

Virginia K. DeMarchi
United States Magistrate Judge