UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ROSEMARY GREENLAW,

    Plaintiff,

v.

VINCENT N. MICONE,

    Defendant.

Case No. 18-cv-04932-VKD

**ORDER RE KIMBERLY NELSON DEPOSITION TESTIMONY**

The Secretary intends to call Kimberly Nelson as a witness at trial through Ms. Nelson's deposition testimony. Ms. Greenlaw objects to the Secretary's designations of Ms. Nelson's testimony on foundation and hearsay grounds.[1] *See* Fed. R. Evid. 602, 803. The Secretary argues that the testimony in question is being offered to explain Mr. Dement's state of mind, his notice of certain matters, and his actions and decisions—essentially, to rebut Ms. Greenlaw's theory that the Secretary's proffered reasons for her termination are pretext for disability discrimination. It therefore appears that the Secretary is presenting the subject testimony for the truth of the matters asserted. The Secretary maintains that the deposition testimony at issue is not hearsay and properly may be offered for facts within Ms. Nelson's personal knowledge, including her recollection and understanding of facts and/or events, and for matters that she may have seen or heard. Having reviewed the disputed portions of Ms. Nelson's deposition testimony, the Court rules as follows:

---

[1] Ms. Greenlaw has also designated portions of Ms. Nelson's deposition testimony that she may present at trial. The Court understands that there are no objections to Ms. Greenlaw's designations.

**Nelson Dep. at 56:6-12**: Ms. Greenlaw's objections are sustained. To the extent the Secretary offers this testimony for the truth of the matters Mr. Dement reportedly told Ms. Nelson, it is hearsay and does not appear to be within Ms. Nelson's personal knowledge. Fed. R. Evid. 602, 803. The statement Mr. Dement reportedly made to Ms. Nelson does not appear to meet the criteria for non-hearsay under Rule 801(d)(1)(B), as it is not clear when Mr. Dement made that statement. *See Tome v. United States*, 513 U.S. 150, 167 (1995) ("The Rule [801(d)(1)(B)] permits the introduction of a declarant's consistent out-of-court statements to rebut a charge of recent fabrication or improper influence or motive only when those statements were made before the charged recent fabrication or improper influence or motive."). The statement also does not meet the criteria of Rule 803(3) because it is not a statement of Mr. Dement's then present state of mind (such as motive, intent, or plan) or of his then-existing emotions, sensations, or physical condition.

**Nelson Dep. at 58:23-59:4**: Ms. Greenlaw's objections are overruled. This testimony is not hearsay and appears to concern matters within Ms. Nelson's personal knowledge.

**Nelson Dep. at 63:18-66:18**: Ms. Greenlaw's objections to the testimony at 63:18-65:12 are overruled. This testimony is not hearsay and appears to concern matters within Ms. Nelson's personal knowledge. Ms. Greenlaw's objections to the testimony at 65:13-66:18 regarding Ms. Nelson's recounting of statements by Ms. Goto are sustained. Fed. R. Evid. 602, 802. That testimony does not meet the criteria of Rule 801(d)(1)(B) or Rule 803(3).

**Nelson Dep. at 74:24-75:8**: Ms. Greenlaw's objections to this testimony are sustained. Fed. R. Evid. 602, 802.

**Nelson Dep. at 85:13-86:17**: Ms. Greenlaw's objections to the testimony at 85:13-86:1 are overruled. This testimony is not hearsay and appears to concern matters within Ms. Nelson's personal knowledge. Ms. Greenlaw's objections to the testimony at 86:2-17 are sustained. Fed. R. Evid. 602, 802.

**Nelson Dep. at 87:4-16**: Ms. Greenlaw's objections to the testimony at 87:10-11 ("There were complaints about her barking.") are sustained, as it appears this testimony is not based on Ms. Nelson's personal knowledge but rather statements she heard from others. Fed. R. Evid. 602,

802.  Ms. Greenlaw's objections to the remainder of the testimony at 87:4-16 are overruled.

**Nelson Dep. at 97:23-99:24**:  Ms. Greenlaw's objections to the testimony at 97:23-98:9 and 99:1-3 are overruled.  This testimony is not hearsay and appears to concern matters within Ms. Nelson's personal knowledge.  Ms. Greenlaw's objections to the testimony at 98:10-25 and 99:4-24 are sustained.  Fed. R. Evid. 602, 802.

**IT IS SO ORDERED.**

Dated: March 11, 2025

Virginia K. DeMarchi
United States Magistrate Judge

3